**S–M–M–S (A Joint Venture composed of Santa Fe Engineers, Inc., Mosher Steel Company, Midwest Steel Erection, Inc. and Simpson Associates)**

v.

**The UNITED STATES.**

No. 602–82C.

United States Claims Court.

Nov. 30, 1982.

Walter A.I. Wilson, Washington, D.C., for plaintiff. Robert J. Martinez, Kilcullen, Wilson & Kilcullen, Washington, D.C., of counsel.

Stephen G. Anderson, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

YANNELLO, Judge.

Plaintiff, S–M–M–S, a joint venture, one of whose members is Santa Fe Engineers, Incorporated, filed a Complaint on November 22, 1982, seeking declaratory and injunctive relief. Plaintiff also filed a Motion for a Temporary Restraining Order on November 24, 1982, accompanied by a brief in support of its motion. A hearing was scheduled by order filed Tuesday, November 23, 1982, and was conducted on Monday, November 29, 1982, beginning at 10:00 a.m., during which both parties were represented and presented argument.*

At the outset of the hearing, the court provided an opportunity for the raising of any jurisdictional or other threshold defenses and none were presented to nor discerned by the court.

## DISCUSSION

The facts surrounding this controversy were substantially uncontroverted and may be summarized briefly as follows.

At the jobsite in issue, there are presently ongoing a number of fixed price contracts. One such contract is being performed by

---

* During the hearing, three exhibits were offered by the parties and admitted into evidence. These were plaintiff's exhibits 1 and 2, a supplemental affidavit of Mr. McDonald and a portion of its response to the Government's Request for Proposals, respectively, and defendant's exhibit 1, consisting of an affidavit by the Contracting Officer and various documents related to the Defense Acquisition Regulation 18–114 (and related ASPR provisions.) (Plaintiff's exhibit 2 is being filed with the court by separate order.)

Santa Fe Engineers, Incorporated (in its own individual capacity). Other fixed-price contracts are being performed by several joint ventures comprised of members not in issue in this case. [The formation of joint ventures to perform certain contracts (particularly construction contracts) is not an unusual practice as indicated by the number of joint ventures presently performing fixed-price contracts on the jobsite in issue.]

The Santa Fe fixed-price contract is not expected to be completed until mid-1983.

In mid-October 1982, the Government issued a Request for Proposal (RFP) for a cost-plus-fixed-fee contract (CPFF) on the same jobsite. (The proposals submitted in connection with that RFP have been scheduled to be opened at 4:00 p.m., EST, on Monday, November 29, 1982, the date of the hearing in the instant action as noted above.)

At a pre-bid conference, the Government advised that DAR 18–114 would be applicable to the RFP and this general statement of applicability was also contained in the RFP itself.

DAR 18–114 provides, in essence, that a contractor performing a fixed price contract should not be awarded any contract which contains cost variation or cost adjustment features where such [cost-type] contract would be performed concurrently [with the fixed-price contract] and at the same [job] site.

On October 19, 1982, the RFP was amended to address specifically the DAR provision and its applicability to specific companies. Amendment number 0003 to the RFP stated:

> In accordance with DAR 18–114 this cost reimbursement contract will not be awarded to the following contractors currently performing work [at the jobsite] either as individual entities or as members of a joint venture: * * * Santa Fe Engineers; * * *. This prohibition extends to any intended newly formed joint venture consisting of any aforementioned contractor. * * *

(Also listed with Santa Fe were the individual members of the joint ventures which are also performing fixed-price contracts on the site as noted above. The amendment also went on to address the matter of subcontractors, but this discussion was subsequently deleted by further RFP amendment.)

In essence, the amended RFP provided that the contract would not be awarded to certain named corporations or to certain business formations of which they might be a part, and thus also implied that any proposals submitted by such entities would not be considered by the Government in connection with any award of the cost-type contract.

The plaintiff joint venture, of which Santa Fe Engineers is a member, advised the Government that it intended to submit a response to the Government's RFP for a Cost-Plus-Fixed-Fee contract (CPFF).

In response to inquiry from the plaintiff joint venture, the Government, in a letter of November 15, 1982, further explained that, in its view, the plaintiff joint venture was precluded from receiving the contract because one of its members was concurrently performing a fixed-price contract on the same site. The Government stated that:

> * * * potential labor and administrative problems [addressed by DAR 18–114] are not eradicated merely by the fixed-price contractor reincarnating itself in a joint venture for the cost reimbursement contract. The members of a joint venture do not lose their individual identity by forming such a partnership and each of them will incur costs, onsite and/or offsite. Accordingly, S–M–M–S will be ineligible for award unless Santa Fe Engineers' fixed-price contract is fiscally complete by the date of award.

Notwithstanding this opinion by the Government, the plaintiff joint venture, on or about November 29, 1982, submitted its proposal in response to the Government's RFP.

Plaintiff joint venture filed its Complaint in this court contending, essentially, that the joint venture was entitled under the

DAR to submit a proposal and to have that proposal considered for possible award of a contract. The plaintiff contended that, as a joint venture, it was not the same "contractor" as was performing the fixed-price contract (i.e., Santa Fe Engineers), but, rather, was a separate and distinct legal entity.[1]

In support of its position, plaintiff cited, *inter alia,* a decision of the GAO upholding the Government's position that a bid was nonresponsive when the bid was in the name of a single company whereas, the bidder was described on the accompanying bond as the individual company and its president and vice president as a joint venture; the decision states as follows:

> Consequently, the procuring activity determined that Roe's bid was nonresponsive, since there was a discrepancy between the legal entity shown on the bid and the legal entity shown on the bid bond.

*Matter of A.D. Roe Company, Inc.,* B–181692, October 8, 1974, 74–2 CPD 194. (Many similar decisions by GAO were also cited.)

The Government argued that the presence of Santa Fe in the joint venture, when Santa Fe was concurrently performing a fixed-price contract on the same site, may well give rise to the types of difficulties (administrative and otherwise) which the DAR was intended to prevent.

The Government agreed that a joint venture and its individual members were separate legal entities and that with respect to

any contractual obligations, the members' liability would be joint, rather than separate.

The Government further noted that, had plaintiff S–M–M–S been an incorporated entity, rather than a joint venture, an award of the cost-type contract may well not have been prohibited by the regulation, even though Santa Fe may have been one of the incorporated owners or shareholders.[2]

The Government noted several differences between the various types of business formations (joint ventures, partnerships, agencies, incorporations), and contended that these differences may justify different treatment under the DAR.

In short, the Government argued that, while the DAR may not have been drafted in such a way as to preclude the award of a cost-type contract to *all* business formations which may concurrently be performing fixed-price contracts on the site, it was, nonetheless, drafted so as to address the 'joint venture' concept. This argument was advanced by noting that a joint venture is no more than the sum of its parts or members and that a "contractor" is the same where it is individually performing a fixed-price contract and is a member of the joint venture seeking a cost-type contract.

In response to the court's earlier inquiry, the parties represented that there was no extant 'legislative history' concerning the DAR 18–114 or any history or decisional precedent concerning the Government's prior interpretation of the DAR 18–114 (ex-

1. In response to allegations by the Government and inquiry from the court in order to compile a complete record, the plaintiff introduced various affidavits in connection with its internal operations as a joint venture. These facts are not recited herein inasmuch as it is the court's opinion that the individual facts are not relevant to a construction of the regulation generally; however, the court notes that such facts as were adduced are sufficient to persuade the court that the joint venture in issue here is, indeed, 'bona fide' and not in any way a mere 'sham' in which Santa Fe seeks to 'reincarnate' itself for purposes of submitting a proposal on the CPFF contract.

2. A number of other types of business formations were discussed during the hearing which

might also present the types of difficulties (administrative and otherwise) envisioned by the DAR. For example, one individual could be the president and sole stockholder of two corporations, separately incorporated and under different names; such corporate entities may be awarded concurrent fixed-price and cost-type contracts on the same site (with the Government noting that it might be unaware of the connection, not seeking to elicit from bidders or to investigate on its own the possibility of such interrelations), notwithstanding the DAR. Such discussion during the hearing was for the purpose of better understanding the language of the DAR, and the focus of the court's concern is limited to the situation actually presented in this case.

cept as furnished in defendant's exhibit No. 2, which essentially alluded to the problems—administrative or otherwise—which may be presented by concurrent contracts, rather than expounding upon the types of "contractor" against whom the regulation's proscription might be applied).

## DECISION

Having considered the contentions of both parties, and based on the record presented to it, the court concluded (as announced during the hearing) that the RFP, as amended so as to preclude award of the contract to the plaintiff joint venture, (of which Santa Fe Engineers is a member) was not "in accordance with [the provisions of] DAR 18–114."

In short, the court concluded that the DAR does not preclude award of a cost-type contract to a joint venture, one of whose members is concurrently performing a fixed-price contract on the site; the joint venture and the individual member are separate and distinct legal entities, and are not one and the same "contractor."

The DAR was discussed and construed as addressing, primarily, the simplest form of business enterprise, namely: a single corporate entity which seeks an award of a cost-type contract while, in its own self-same legal identity, it is performing a fixed price contract on the same site; however, any further declaration by the court, except as noted above, was withheld, inasmuch as the court should properly address only those matters specifically presented to it.[3]

## CONCLUSION

The court hereby DENIES plaintiff's motion for a Temporary Restraining Order and

ENTERS a judgment declaring that the provisions of DAR 18–114 do not preclude award of a contract under RFP DACA 09–83–R–0001 to plaintiff and that the provisions of paragraph 1 of Amendment No. 0003, 19 October 1982, to the RFP, insofar as they relate to Santa Fe Engineers or plaintiff S–M–M–S of which Santa Fe Engineers is a member, are invalid to the extent inconsistent with this judgment.[4]

---

3. For example, the court does not make any determination in this connection as to the propriety of considering an award of a cost-type contract to one individual corporation who may concurrently be performing a fixed-price contract as a member of a joint venture.

4. The court's order was announced during the Hearing at 2:45 p.m., and is hereby incorporated in this opinion.

   The court noted that the issuance of its judgment herein would be deemed sufficient, and that it was not also necessary to issue an in-

junction preventing the Government from awarding the cost-type contract to anyone other than plaintiff, unless plaintiff's proposal was fairly considered. The plaintiff agreed with this determination. The court and the parties noted that in view of the court's judgment, it is expected that the Government will proceed fairly and consistent with such judgment. In the event that plaintiff has any specific controversy concerning specific Government action, it may institute a separate complaint addressing same.